ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| PHILIP ANDERSON, | Case No.: |
| Plaintiff, | |
| | COMPLAINT AND |
| -against- | JURY DEMAND |
| | |
| THE CITY OF NEW YORK, POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY, | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff, PHILIP ANDERSON, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

1. This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK, POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, PHILIP ANDERSON, alleges that on or about November 3, 2013, defendants committed wrongful and illegal acts against Plaintiff, including violating the Plaintiff's right to unlawful search and seizure, falsely arresting Plaintiff, wrongly imprisoning Plaintiff, maliciously prosecuting the Plaintiff, and negligence in the hiring and retaining of

incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff, PHILIP ANDERSON, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER PETER MARTER (Shield No.: 18790) was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief,

POLICE OFFICER PETER MARTER was assigned to the 10th Precinct Cabaret Unit of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, Defendant POLICE OFFICER SINAN CAGIRICI (Shield No.: 18239) was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER SINAN CAGIRICI was assigned to the 10th Precinct Cabaret Unit of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. At all times relevant hereto, Defendant POLICE OFFICER TAMARA PINKNEY was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER TAMARA PINKNEY was assigned to the 10th Precinct Cabaret Unit of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

13. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY.

14. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

15. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

16. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

FACTUAL BACKGROUND

17. At all times relevant to this action, Plaintiff resided in Brooklyn, New York.

18. At all times relevant to this action, Plaintiff was in the business of driving customers to and customers admission into high end night clubs in the city of New York.

19. On November 2, 2013, at approximately 1:25 a.m., the Plaintiff met P.H. on the corner of 17th Street and 10th Avenue in County of New York.

20. That P.H. advised the Plaintiff that he was having trouble gaining entry into a nightclub named 1Oak and that the bouncer at the door advised him to speak with Plaintiff.

21. That Plaintiff advised P.H. that P.H. could gain admission into 1Oak for $200.00.

22. That P.H. agreed to pay the Plaintiff $200.00 to obtain admission into 1Oak.

23. Upon information and belief, on November 2, 2013, at West 18th Street and 10th Avenue, in the County of New York, Defendants POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY were stationed in an unmarked New York City Taxi cab.

24. On November 2, 2013, at approximately 1:30 a.m., Defendants POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY observed P.H. standing by an ATM machine and Plaintiff standing by a bench.

25. On November 2, 2013, at approximately 1:30 a.m., Defendants POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY observed P.H. hand an amount of currency to the Plaintiff.

26. POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY got out of the unmarked New York City Taxi cab and approached Plaintiff and P.H.

27. That POLICE OFFICER SINAN CAGIRICI stopped P.H. and conducted a search of his pockets.

28. That POLICE OFFICER PETER MARTER was not at the scene of the incident at the time of the stop and search of P.H.

29. That POLICE OFFICER SINAN CAGIRICI removed two ziplock bags from P.H.'s pocket, which contained a total of less than one-half a gram of cocaine.

30. That POLICE OFFICER SINAN CAGIRICI then handcuffed the Plaintiff and patted down the Plaintiff for safety.

31. Approximately five minutes after POLICE OFFICER SINAN CAGIRICI placed the Plaintiff under arrest, POLICE OFFICER PETER MARTER appeared at the scene by foot.

32.     At approximately 1:40 a.m., another officer of the New York Police Department transported the Plaintiff to the 10th Precinct in a marked police vehicle.

33.     That Defendant POLICE OFFICER SINAN CAGIRICI searched the Plaintiff at the 10th precinct and recovered $206.00.  No drugs or contraband was recovered from the Plaintiff's person.

34.     That Defendant POLICE OFFICER PETER MARTER administered a strip search and anal cavity search of the Plaintiff.  No drugs or contraband was recovered from the Plaintiff's person.

35.     That $160.00 was found on the person of P.H. at the 10th Precinct.

36.     The Plaintiff was then photographed and fingerprinted.

37.     After processing, the Plaintiff was relocated to Central Booking in New York, New York.

38.     That POLICE OFFICER PETER MARTER wrote up the NYPD arrest paperwork to state that he was the arresting officer.

39.     While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER PETER MARTER advised the Office of the New York County District Attorney's Office that:

    a.   Defendant POLICE OFFICER PETER MARTER was in an unmarked yellow cab;

    b.   Defendant POLICE OFFICER PETER MARTER observed Plaintiff and P.H. talking;

    c.   Defendant POLICE OFFICER PETER MARTER observed Plaintiff show P.H. something;

    d.   P.H. pulled out money and Plaintiff gave P.H. two bags of cocaine;

    e.       P.H. put the bags of cocaine in his coin pocket;

    f.       Defendant POLICE OFFICER PETER MARTER and partner stopped Plaintiff and P.H.;

    g.       Defendant POLICE OFFICER PETER MARTER recovered two bags of cocaine from P.H.'s coin pocket.

40.       Defendant POLICE OFFICER PETER MARTER never made any observations of Plaintiff and P.H., the allegations were false, and Defendant POLICE OFFICER PETER MARTER knew the statements to be false at the time that they were made.

41.       Defendant POLICE OFFICER PETER MARTER forwarded these false allegations to the New York County District Attorney's office in order to justify the arrest and to persuade the District Attorney to commence the Plaintiff's criminal prosecution.

42.       Defendant POLICE OFFICER PETER MARTER knew and understood that the District Attorney, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

43.       On November 3, 2013, the Plaintiff was arraigned on the criminal court complaint in New York County Criminal Court, Part AR3.

44.       The Plaintiff was released on his own recognizance at arraignment.

45.       At the New York County Grand Jury Presentation, Defendant PETER MARTER testified as follows:

    Q.       Officer, directing your attention to November 3, 2013

    Q.       What type of car were you driving?

    A.       I was driving and undercover yellow taxicab.

> Q. And on that day at approximately that time did you ever make any arrests?
>
> A. Yes.
>
> Q. Who did you arrest?
>
> A. Philip Anderson.
>
> \* \* \*
>
> Q. Briefly describe what led to these arrests?
>
> A. I observed a drug transaction. Basically what had happened was, um, I observed Mr. Anderson speaking with P.H., um, they approached an ATM machine which is on the corner fo 18th and 10th, West 18th Street and 10th Avenue.
>
> Q. And how far away from you were - - from that ATM were you as you were watching?
>
> A. About fifteen feet. I was parked right there, you know, I was in a yellow cab they didn't recognize me. Um, I observed Mr. P.H. withdraw money and had it over to Mr. Anderson. Mr. Anderson looked around and handed P.H. something. Mr. P.H. then took whatever it was that he handed him and stuffed it in his right jacket pocket.

46. These allegations were false and Defendants POLICE OFFICER PETER MARTER knew the statements to be false at the time that they were made.

47. On February 10, 2014, the Grand Jury of Kings County voted to indict the Plaintiff of one count of Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law § 220.39(1), a B Felony.

48. The Plaintiff's indictment number in the Supreme Court of the State of New York, County of New York was 743-2014

49. A jury trial in <u>People v. Anderson</u>, Indictment No.: 743/2014, was held on May 14, 2014 and May 15, 2015 before Hon. Ruth Pickholz.

50. The People of the State of New York did not call Defendant POLICE OFFICER TAMARA PINKNEY nor P.H. as witnesses.

51. That Defendant POLICE OFFICER PETER MARTER testified that Defendant POLICE OFFICER TAMARA PINKNEY was not present for the arrest of Plaintiff.

52. On May 15, 2015, the Jury found Plaintiff not guilty.

53. Defendants POLICE OFFICER PETER MARTER and POLICE OFFICER SINAN CAGIRICI bought charges against Plaintiff and purposely misused his Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

54. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, and continues to suffer emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

55. As a direct and proximate result of an unlawful search and seizure, the Plaintiff makes a claim under the Fourth Amendment for the unlawful search itself.

56. As a result of the Defendants actions, Plaintiff was arrested and detained for a time amounting to a period lasting approximately one day for criminal charges without just cause.

57.     As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

58.     As a direct and proximate cause of defendant's actions, the Plaintiff was maliciously prosecuted.

59.     As a direct and proximate cause of defendant's actions, the Plaintiff incurred substantial legal fees in connection with his defense.

60.     Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

61.     Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

62.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising  and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES
(DEFENDANTS POLICE OFFICER PETER MARTER and

POLICE OFFICER SINAN CAGIRICI)

63. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-62 of this complaint, as though fully set forth therein.

64. That Defendants had no reasonable suspicion that Plaintiff was concealing weapons or other contraband based on the crime charged, the particular characteristics of the Plaintiff, and/or the circumstances of the arrest.

65. The actions of Defendants POLICE OFFICER PETER MARTER and POLICE OFFICER SINAN CAGIRICI, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures.

66. By these actions, Defendant POLICE OFFICER PETER MARTER and POLICE OFFICER SINAN CAGIRICI deprived Plaintiff of his rights secured by the Fourth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

SECOND CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(DEFENDANTS POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY)

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1-66 of this complaint as though fully set forth therein.

68. The actions of Defendants POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY, members of the New York City Police Department, and acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of

America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

69. By these actions, the individual defendant has deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

70. As a result of the foregoing, Plaintiff PHILIP ANDERSON was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: MALICIOUS PROSECUTION
### (DEFENDANTS POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY)

73. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-72 of this complaint, as though fully set forth therein.

74. That Defendants POLICE OFFICER PETER MARTER, POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY initiated a criminal proceeding against the Plaintiff.

75. That the criminal proceeding terminated in the Plaintiff's favor.

76. That Defendants POLICE OFFICER SINAN CAGIRICI and POLICE OFFICER TAMARA PINKNEY lacked probable cause for commencement of the criminal proceeding.

77. That Defendant POLICE OFFICER PETER MARTER committed fraud and perjury when he testified before the Grand Jury. Defendant POLICE OFFICER PETER MARTER was not present for any of the events leading up to the arrest.

78. That Defendants Defendant DETECTIVE CARL MCLAUGHLIN commenced the criminal proceeding against the Plaintiff with malice.

79. As a result of the foregoing, the Plaintiff is entitled to damages.

### FOURTH CLAIM: FAILURE TO INTERVENE
### (DEFENDANT POLICE OFFICER TAMARA PINKNEY)

80. Plaintiff repeats and realleges the allegations contained in paragraphs 1-79 of this complaint as though fully set forth therein.

81. Defendant POLICE OFFICER TAMARA PINKNEY was present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

82. Accordingly, the Defendant POLICE OFFICER TAMARA PINKNEY, who failed to intervene, violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

84. Plaintiff repeats and realleges the allegations contained in paragraphs 1-76 of this complaint and though fully set forth therein.

85. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

86. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

87. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

88. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of

supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

89. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity.  These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009).

91. That Defendant POLICE OFFICER PETER MARTER has been a defendant in several police misconduct cases including but not limited to: Morales v. City of New York, New York Supreme Court, Bronx County, Index No.: 7337/2005; Pridgen v. City of New York, New York Supreme Court, Bronx County, Index No.: 6671/2006; Williams v. City of New York,

New York Supreme Court, Bronx County, Index No.: 350215/2008; and Wakefield v. City of New York, New York Supreme Court, Bronx County, Docket No.: 305027/2011.

92. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

93. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-92 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

94. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-92 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

95. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

96.As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff PHILIP ANDERSON requests the following relief jointly and severally as against all of the Defendants:

1.Award compensatory damages in an amount to be determined at trial;

2.Award punitive damages in an amount to be determined at trial;

3.Disbursements, costs and attorney's fees; and

4.For such other further relief that this court may deep just and proper under the circumstances.

Dated:Brooklyn, New York
August 23, 2016

 /s/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100